IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JAMES E. BEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-204 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 16] will be denied, and plaintiff's motion for summary judgment [doc. 12] will be granted to the extent it seeks remand pursuant to sentence four of § 405(g).[1]

I.

*Procedural History*

Plaintiff applied for benefits in July 2004, claiming to be disabled by "back problems." [Tr. 68, 73, 95]. Plaintiff alleged a disability onset date of December 1, 2000.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[Tr. 68, 73]. His applications were denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on May 10, 2005.

On June 10, 2005, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from "chronic obstructive pulmonary disease, coronary artery disease, degenerative disk disease in the lumbar spine, and herniated disks in the lumbar spine," which are "severe" impairments but not equal, individually or in concert, to any of the Commissioner's listed impairments. [Tr. 18]. The ALJ found plaintiff to have a residual functional capacity at the medium level of exertion restricted only by "mild limitations in concentration due to mild pain. . . . consistent with the opinions of the state agency medical consultants." [Tr. 19]. Relying on vocation expert testimony, the ALJ cited unskilled, medium jobs that plaintiff could perform. [Tr. 20]. Plaintiff was accordingly found to be ineligible for SSI and disability benefits.

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 4]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Plaintiff's Background and Testimony*

Plaintiff was born in 1946 and has a fifth grade education. [Tr. 73, 99]. He is purportedly unable to read or write. [Tr. 281]. He has previously worked as a carpenter. [Tr. 131].

Plaintiff can mow for forty-five minutes weekly "when not in pain. . . . stop[ping] at times to rest." [Tr. 120, 141, 286]. He can drive alone, shop, "spread straw around his yard," and perform "small jobs" around the house. [Tr. 121, 142, 145, 269]. Plaintiff can also "try to make enough to pay bills by flea marketing or selling household items." [Tr. 147].[2] Pain allegedly results from lifting, squatting, stooping, bending, climbing, sitting or standing for long periods, and walking or driving long distances. [Tr. 123, 128, 282]. In sum, plaintiff can purportedly do only light activities for short periods without experiencing disabling back, shoulder, leg, and foot pain. [Tr. 128, 148, 161-62, 282].[3]

Plaintiff also reports "breathlessness." [Tr. 130]. For example, he states that he cannot walk up a flight of ten steps without stopping twice to rest. [Tr. 220]. Plaintiff nonetheless continues to smoke between one-half and two packs of cigarettes per day. [Tr. 172, 210, 220, 268, 284].

---

[2] The extent of plaintiff's "flea marketing" is unclear from the record presently before the court.

[3] Plaintiff testified that he takes prescription pain medication only when "the pain gets unbearable" because he does not want "to be hooked on pain pills[.]" [Tr. 283].

3

III.

*Relevant Medical Evidence*

In 1999, plaintiff was noted to have "[c]oronary artery disease, with total occlusion of dominant right coronary artery[.]" [Tr. 176]. At 2003 follow-up appointments, plaintiff was free of cardiac complaints or symptoms. [Tr. 172-73].

A March 2004 MRI of the lumbar spine showed "moderate to severe degenerative changes at all levels," disc bulging, herniated discs, and "moderate to severe" narrowing at several disc spaces. [Tr. 188]. Plaintiff underwent an apparently unsuccessful epidural injection later that year for what Dr. Michael Dykes described as "severe" pain. [Tr. 210].

Dr. Joseph Johnson performed a consultative physical examination in October 2004. Dr. Johnson did not have access to plaintiff's lumbar MRI or his cardiac records. [Tr. 219]. Dr. Johnson observed reduced range of motion in the back, with a moderately slow and stiff gait. [Tr. 221]. Plaintiff had full strength in his lower extremities and demonstrated no shortness of breath. [Tr. 221].[4] Dr. Johnson offered no opinion regarding vocational capacity. [Tr. 221].

Two state agency physicians completed Residual Functional Capacity Assessment forms ("RFCs"). The conclusions of the reviewing physicians were essentially identical. Each predicted that plaintiff could occasionally lift up to fifty pounds, frequently

---

[4] Plaintiff later advised the Commissioner that "I could bend the day I went to your doctor, because I was not in pain at that time." [Tr. 108].

lift up to twenty-five pounds, sit and stand/walk for six hours each per workday, and push and pull without limitation. [Tr. 231, 248]. Each of these nonexamining sources opined that plaintiff could only climb ladders and crawl on an occasional basis. [Tr. 232, 249]. No other postural limitations (stairs, balancing, stooping, kneeling, crouching) were predicted. [Tr. 232, 249]. Each nonexamining source wrote that plaintiff's complaints of pain are at least partially credible, but that he could achieve the above-noted vocational capacity through unspecified continued treatment. [Tr. 232, 249].

In November 2004, plaintiff told dermatologist Edward Primka's office that he experiences pain only "occasionally." [Tr. 242]. In January 2005, plaintiff appeared for a follow-up cardiac appointment "with no new cardiovascular complaints" [Tr. 261], and in September 2004 he sought treatment for a cough that "won't go away." [Tr. 267]. Both examining physicians noted that plaintiff continues to smoke. [Tr. 261, 267]. In April 2005, after discussing plaintiff's cardiac and respiratory complaints, Dr. Warren Sayre instructed plaintiff to stop smoking. [Tr. 269].

IV.

*Vocational Expert Testimony*

Vocational expert Katharine Bradford ("VE" or "Ms. Bradford") testified at the administrative hearing. The ALJ offered a hypothetical presuming a worker of plaintiff's age and education who "can walk, sit and stand six hours total each in an eight hour day with normal breaks. Occasionally lift or carry 50 pounds. Frequently lift or carry 25 pounds.

5

This person suffers mild pain with mild loss of concentration." [Tr. 292].

Ms. Bradford testified that, according to the Dictionary of Occupational Titles, the hypothetical claimant would be unable to return to plaintiff's prior carpentry work due to illiteracy, although plaintiff had himself obviously performed that work. [Tr. 292]. The VE identified other jobs existing in the regional and national economies that the hypothetical claimant could perform. [Tr. 292-93]. If plaintiff's claims of pain and fatigue were credited, employment would be precluded. [Tr. 293].

V.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g)*; Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A).[5] Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

---

[5] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382. "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof during the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

VI.

*Analysis*

A. Remand

The ALJ explained his conclusion regarding plaintiff's residual functional capacity as follows:

> The claimant's allegations regarding his limitations are not totally credible. The claimant's continued smoking is entirely inconsistent with his allegations that pulmonary impairments impose limitations on his activities. In addition, his complaints of debilitating back pain are not consistent with his failure to take any prescription pain medications. He may not like to take prescriptions, but he does take his heart medication. Therefore, one would expect him to take prescription pain medications with the back pain he alleges.
>
> The claimant drives and mows his yard. He also reported that he goes flea-marketing to sell household items at times. He reported that he does small jobs around the house. No treating source has prescribed any limitations on his activities.

> Accordingly, the undersigned finds the claimant retains the following residual functional capacity to perform medium work activity . . . [with only] mild limitations in concentration due to mild pain. These findings are consistent with the opinions of the state agency medical consultants.

[Tr. 19]. On appeal, plaintiff argues that the nonexamining source opinions are inconsistent with the objective evidence and thus entitled to little or no weight. The court agrees that the file-review RFCs do not *in this case* provide substantial evidence to satisfy the Commissioner's step five burden of proof.

The Commissioner may utilize opinion evidence from nonexamining sources. *See* 20 C.F.R. § 404.1527(f). Like the judgments of treating and examining physicians, however, nonexamining source opinions must be evaluated in light of their supportability and consistency with the record as a whole. *See* 20 C.F.R. § 404.1527(d)(3)-(4), (f). The Commissioner's regulations provide that "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(d)(3).

In their present form, neither RFC offers the requisite supportability or consistency in light of plaintiff's uncontroverted March 2004 lumbar MRI. Neither RFC explains its conclusion that a man with numerous "moderate to severe" back problems can lift fifty pounds and sit, stand, walk, push, pull, climb stairs, balance, stoop, kneel, and crouch with absolutely no limitation.

The ALJ's credibility observations are similarly insufficient. Plaintiff's smoking, minimal use of pain medication, and questionable activity level are certainly inconsistent with the level of pain and breathlessness alleged. However, none of these facts

- considering the 2004 MRI - substantially prove that plaintiff can perform virtually the full range of medium work for forty hours per week. Plaintiff's activity level warrants further inquiry on remand, but the present record does not support the conclusion that plaintiff can engage in "medium level" activities for more than a short time without experiencing pain. Again, the Commissioner bears the burden of proof at step five, *see Walters*, 127 F.3d at 529, and that burden has not been met in this case.

      Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment[.]" *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). This matter will be remanded to the Commissioner for a more "careful evaluation" of plaintiff's claim in light of the issues raised herein and consistent with *Duncan v. Secretary of Health & Human Services*, 801 F.2d 847 (6th Cir. 1986). The Commissioner's reevaluation shall include a far more comprehensive physical consultation than what took place in October 2004. The consulting examiner shall be provided with a copy of the medical record now before this court, and new lumbar imaging shall be taken.

### B. Reversal

      To the extent that plaintiff asks this court to award benefits rather than remanding his case, that request must be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is

proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

The record does not contain strong or overwhelming proof of disability. As noted by the ALJ, plaintiff's continued smoking is inconsistent with his claims of disabling shortness of breath. [Tr. 19]. As also noted by the ALJ, plaintiff's mowing, "flea marketing," performance of "small jobs around the house," and limited use of pain medication are cumulatively inconsistent with the severity of pain alleged. [Tr. 19]. Although the court is not wholly impressed with the nonexamining source RFCs, it cannot be ignored that the only two physician opinions of record consider plaintiff capable of working. Plaintiff's November 2004 admission of only "occasional" pain is also noteworthy. [Tr. 242].

The court is therefore not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176. Benefits will not be awarded by this reviewing court at this time. An order consistent with this opinion will be entered.

    ENTER:

        s/ Leon Jordan
    United States District Judge